# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 10, 2024
Lyle W. Cayce
Clerk

No. 22-51062

United States of America,

*Plaintiff—Appellee,*

versus

Jeroswaski Wayne Collette,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-141-1

_____

Before Higginbotham, Stewart, and Haynes, *Circuit Judges.*

Per Curiam:[*]

Jeroswaski Collette appeals his conviction for firearms possession under 18 U.S.C. § 922(g)(1), arguing that the statute violates the Second Amendment. While his appeal was pending, a panel of our court decided *United States v. Diaz*.[1] Because *Diaz* forecloses Collette's constitutional challenge, we AFFIRM his conviction.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] No. 23-50452, 2024 WL 4223684 (5th Cir. Sept. 18, 2024).

No. 22-51062

## I.   Background

On June 8, 2022, Collette visited Outlaw Wrecker and Recovery ("Outlaw"), a business in Midland, Texas, to retrieve personal items from his car, which had been repossessed.  After being told he would need an appointment and to sign a property release form, Collette became angry and argued with a worker.  Eventually, he signed the paperwork.  Collette then retrieved a gun from his car, waved it, pointed it at the worker, said he would destroy the property if he wanted, and imitated the sound of gunfire.  The worker said she feared for her life.

At the time, Collette was a convicted felon.  His criminal record included, inter alia, convictions for battery of a correctional officer, cocaine possession, theft, cyberstalking, possession of more than five pounds of marijuana, and possession of a firearm by a felon.

Collette was arrested later that day and told police that he owned two handguns.  He showed a police officer pictures of the guns on his phone.  Police officers obtained a search warrant and went to Collette's home, where they met Collette's girlfriend.  Police found a gun holster and about a pound of marijuana, but no guns.  Collette's girlfriend later admitted that Collette had called her and told her to move the guns elsewhere.  Police officers eventually obtained two handguns that matched the pictures Collette had displayed.

A federal grand jury charged Collette with violating 18 U.S.C. § 922(g)(1) by knowingly possessing firearms after having been convicted of a crime punishable by more than a year of imprisonment.  The next day, the Supreme Court decided *New York State Rifle & Pistol Ass'n v. Bruen*, holding that a New York handgun licensing regime violated the Second and Fourteenth Amendments.  *See* 597 U.S. 1, 10–11 (2022).

No. 22-51062

Collette pleaded not guilty. On the morning of trial, Collette moved to dismiss the indictment, arguing that under *Bruen* § 922(g)(1) is unconstitutional on its face and as applied to him. The district court deferred ruling on the motion until after the trial. At the close of the trial, the jury found Collette guilty as charged in the indictment.

Before sentencing Collette, the district court denied Collette's motion to dismiss. The court stated that *Bruen* "casts doubt on some firearm regulations" but concluded that § 922(g)(1) "is not one of them." The district court ultimately adopted the presentence investigation report and sentenced Collette to 120 months' imprisonment.

Collette timely appealed, challenging only the constitutionality of § 922(g)(1). Relevant here,[2] he renewed his argument that § 922(g)(1) violates the Second Amendment. While the parties briefed the appeal, the Supreme Court granted certiorari in *United States v. Rahimi*. *See* 61 F.4th 443, 461 (5th Cir. 2023) (relying on *Bruen* and vacating Rahimi's conviction on Second Amendment grounds), *cert. granted*, 143 S. Ct. 2688, 2688–89 (2023). That case addressed a Second Amendment challenge to 18 U.S.C. § 922(g)(8), which deals with a domestic violence restraining order; a panel of our court found that statute unconstitutional in *Rahimi*. Accordingly, after the conclusion of the briefing process in this case, we placed Collette's appeal in abeyance pending the Supreme Court's decision in *Rahimi*. The Supreme Court decided *Rahimi* on June 21, 2024, reversing our court and holding that a person "found by a court to pose a credible threat to the physical safety of

---

[2] In addition to the Second Amendment claim, Collette contends that § 922(g)(1) exceeds Congress's power under the Commerce Clause but recognizes that our precedent forecloses this claim. *See, e.g.*, *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996) (per curiam). Accordingly, we do not address that issue further.

another may be temporarily disarmed consistent with the Second Amendment." 144 S. Ct. 1889, 1903 (2024).[3]  A request for an extension of the abeyance was denied.

Most recently, a panel of our court heard *Diaz*, in which the defendant, Ronnie Diaz, Jr.—like Collette in the district court—raised facial and as-applied challenges to § 922(g)(1) under the Second Amendment.  *See* No. 23-50452, 2024 WL 4223684, at *1 (5th Cir. Sept. 18, 2024).  Applying the Supreme Court's decisions in *Bruen* and *Rahimi*, the *Diaz* panel rejected the challenges, concluding that the Government "met its burden to show that applying 18 U.S.C. § 922(g)(1) to Diaz is consistent with this Nation's historical tradition of firearm regulation."  *Id.*, at *9.  Put another way, our court held that § 922(g)(1) is not facially unconstitutional or as applied to Diaz.

## II. Jurisdiction & Standard of Review

The district court properly exercised jurisdiction over this case pursuant to 18 U.S.C. § 3231, which grants to federal district courts original jurisdiction over "all offenses against the laws of the United States."  We have jurisdiction over Collette's appeal under 28 U.S.C. § 1291.

We review the constitutionality of a federal statute de novo.  *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).

## III. Discussion

The criminal statute of 18 U.S.C. § 922(g)(1) makes it unlawful for "any person" who "has been convicted in any court" of "a crime punishable

---

[3] On remand from the Supreme Court, a panel of our court affirmed Rahimi's conviction under § 922(g)(8).  *See* No. 21-11001, 2024 WL 4156415, at *1–2 (5th Cir. Sept. 12, 2024) (per curiam).

No. 22-51062

by imprisonment for a term exceeding one year" to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition" or to "receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." This provision is commonly labeled the felon-in-possession statute. *See, e.g.*, *United States v. Darrington*, 351 F.3d 632, 633 (5th Cir. 2003).

On appeal, Collette renews his facial challenge to § 922(g)(1) pursuant to the Second Amendment. This challenge is now clearly foreclosed by *Diaz*. *See* 2024 WL 4223684, at *9; *Bonvillian Marine Serv., Inc. v. Pellegrin* (*In re Bonvillian Marine Serv., Inc.*), 19 F.4th 787, 792 (5th Cir. 2021) (stating that a panel of our court cannot overturn another panel absent an intervening change in the law, such as by statute, the en banc court, or the Supreme Court).

We conclude that Collette has forfeited the as-applied challenge he raised in the district court. In his opening appellate brief, he references his as-applied challenge in passing while discussing the procedural history of this case, but he does not address the issue beyond that. We thus need not address his as-applied challenge. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (stating that a party forfeits an argument by "failing to adequately brief the argument on appeal").

However, even if we were to consider Collette's as-applied challenge, we would reject it as also foreclosed by *Diaz*. Evaluating Diaz's as-applied challenge to § 922(g)(1), the *Diaz* panel identified the dispositive question as whether "the Nation has a longstanding tradition of disarming someone with a criminal history analogous to" Diaz's. 2024 WL 4223684, at *5. For the purposes of its inquiry, the panel characterized Diaz's criminal history as consisting only of his prior convictions that were punishable by more than one year of imprisonment. *Id.* One of Diaz's such convictions was for theft.

*Id.* Because theft was a felony at the Founding and "thus would have led to capital punishment or estate forfeiture" at that time, the panel concluded that disarming Diaz fit within our national tradition of regulating firearms. *Id.*, at *7. Accordingly, his as-applied challenge failed. *Id.* Here, Collette also has a prior conviction for theft that was punishable by more than a year (and for which he was sentenced to fourteen months of confinement).[4] *Diaz* therefore controls and forecloses Collette's as-applied challenge even if it was properly raised on appeal.

## IV. Conclusion

For the reasons stated above, we AFFIRM the judgment of the district court.

---

[4] Given the effect of this conviction, we need not address any of his other convictions.